J-S07009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL JENNINGS :
:
Appellant : No. 1686 EDA 2020

Appeal from the Judgment of Sentence Entered August 25, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006863-2018

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 5, 2023**

Appellant, Michael Jennings, appeals from the August 25, 2020 judgment of sentence entered by the Philadelphia County Court of Common Pleas following his convictions of Simple Assault and False Identification to Law Enforcement Authorities ("False ID").[1] Appellant challenges the sufficiency of the evidence for both convictions. After careful review, we affirm the judgmentt of sentence for Simple Assault and reverse the conviction for False ID.

The relevant facts as found by the trial court are as follows. On September 8, 2018, Thomas Custis ("Victim") boarded a bus around 1:00 AM, after finishing his shift at the Philadelphia International Airport. He noticed that Appellant, his grandson, was also on the bus. When asked, Appellant told

_____

[1] 18 Pa.C.S. §§ 2701(a)(1) and 4914(a).

Victim that he was going to Victim's apartment. Victim responded that Appellant was not welcome in his apartment and sat elsewhere on the bus.

After a forty-five-minute ride, Victim exited the bus. When Appellant followed him off the bus, Victim again informed Appellant that he could not come to his apartment, but Appellant continued to follow him. Victim repeated his refusal a third time when the two were approximately five feet apart. Appellant then began to swing his umbrella toward Victim. Victim approached and told Appellant to drop the umbrella. "As Appellant began to drop it, [Victim] punched him once in the chest."[2] After which, Appellant continued to swing the umbrella toward Victim's face, and Victim blocked the umbrella with his arms. At some point during the five-to-ten-minute altercation, Victim received a one inch, V-shaped laceration on his arm from the umbrella, which did not require medical treatment but left a scar.

Ultimately, Appellant left the scene when Victim dialed 911 on his cellphone. When police arrived, Victim rode with police around the neighborhood to find Appellant, whom he soon identified waiting at a bus stop. As relevant to the charge of False ID, the trial court summarized Philadelphia Police Officer James Bacevich's testimony regarding this incident:

> Officer Bacevich exited the police vehicle and placed Appellant in handcuffs. He then asked Appellant for his name, to which Appellant replied that his name was Christopher Henderson. Officer Bacevich subsequently located a card in Appellant's pockets which had his given name on it, Michael Jennings.

---

[2] Tr. Ct. Op, 12/3/21, at 3.

Tr. Ct. Op. at 4 (citing N.T., 8/25/20, at 51-54).

The trial court presided over a bench trial on August 25, 2020, at which only Victim and Officer Bacevich testified.[3] The trial court found Appellant guilty of Simple Assault and False ID.[4] The court sentenced Appellant the same day to two years of probation for Simple Assault, with one year reporting and one year non-reporting, and a concurrent sentence of one year of reporting probation for the False ID conviction.

Appellant timely filed a notice of appeal on September 1, 2020. Subsequently, Appellant and the trial court complied with Pa.R.A.P. 1925(b). Appellant raises the following issues for our review:

> 1. Was the evidence insufficient to adjudicate [Appellant] guilty of Simple Assault?
>
> 2. Was the evidence insufficient to adjudicate [Appellant] guilty of False Identification to Law Enforcement Authorities?

Appellant's Br. At 4.

## A.

In his first issue, Appellant challenges the sufficiency of the evidence for his conviction for simple assault, relying in part on his claim that he acted in

---

[3] Prior to trial, the court granted numerous continuances, including several related to Appellant's mental health and the COVID-19 pandemic. We additionally observe that while Appellant filed his Rule 1925(b) statement in September 2020, the court did not file its opinion until December 3, 2021. The parties subsequently filed multiple requests for extensions of time for their briefing, which this Court granted.

[4] It found Appellant not guilty of Aggravated Assault, Possessing Instruments of Crime, Terroristic Threats, and Recklessly Endangering Another Person.

self-defense. "A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "Our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Mikitiuk***, 213 A.3d 290, 300 (Pa. Super. 2019). When reviewing sufficiency challenges, we evaluate the record in the light most favorable to the verdict winner, giving the Commonwealth the benefit of all reasonable inferences to be drawn from the evidence. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

This Court will not disturb a verdict if the evidence produced at trial is "sufficient to establish all elements of the offense beyond a reasonable doubt." ***Id.*** (citation omitted). "[A] conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017). "[T]he appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

A person is guilty of Simple Assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). The Crimes Code defines "bodily injury" as "impairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. "[I]njuries that are 'trivial in nature,' 'noncriminal contact resulting from family stress and rivalries,' or a 'customary part of modern day living' do not satisfy this element." ***Commonwealth v. Wroten***, 257 A.3d 734, 744 (Pa. Super. 2021).

- 4 -

The Commonwealth can, however, satisfy the bodily injury element without demonstrating that the victim sought medical treatment. *Id.*; *see In re M.H.*, 758 A.2d 1249, 1252 (Pa. Super. 2000) (affirming simple assault conviction where defendant grabbed victim's arm and pushed her into a wall, even though the bruises she sustained did not necessitate medical treatment).

In regard to self-defense, "[t]he use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person." *Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001) (citing 18 Pa.C.S. § 505(a)). The Commonwealth bears the burden to disprove an assertion of self-defense by the defendant. *Id.* This Court has found that the Commonwealth can disprove claims of self-defense by demonstrating that the defendant was the initial aggressor in the altercation. *Commonwealth v. Emler*, 903 A.2d 1273, 1280 (Pa. Super. 2006).

In challenging the sufficiency of the evidence for simple assault, Appellant first asserts that the Commonwealth failed to prove that he attempted to cause bodily injury because he used the umbrella to keep Victim away from him rather than to harm him. Appellant's Br. At 8. Second, he argues that the laceration, which bled for merely thirty minutes and for which Victim did not seek treatment, does not constitute bodily injury. *Id.* At 8-9. Third, Appellant argues that the Commonwealth failed to disprove Appellant's claim of self-defense. Appellant argues that his reaction in picking up the umbrella after Victim punched him was "was completely reasonable under

these circumstances as he also knew that [Victim] worked security and was trained in martial arts." *Id.* At 9-10. We disagree and instead find that the record contains sufficient evidence to support the trial court's conclusion that Appellant committed Simple Assault.

The trial court opined that the Commonwealth presented sufficient evidence that Appellant committed Simple Assault by demonstrating intent and bodily injury. The court found that Appellant "became upset with [Victim and] intended to injure him," after Victim instructed Appellant that he was not welcome in Victim's apartment. Tr. Ct. Op. at 7. The court found that Appellant caused bodily injury as Victim sustained a laceration defending himself from Appellant's umbrella, a wound that left a scar.

The court additionally concluded that Victim's testimony disproved Appellant's theory of self-defense. While acknowledging that Victim punched Appellant, the court emphasized that "Appellant was the initial aggressor" when he began swinging his umbrella at Victim, which was "not justified" as it was not necessary to protect himself. *Id.*

After careful review of the record and for the reasons set forth by the trial court, we agree that Victim's testimony provided sufficient evidence to demonstrate both that Appellant intended to injure Victim and that Victim sustained bodily injury. Likewise, when viewed in a light most favorable to the Commonwealth, the evidence disproved Appellant's claim of self-defense. Accordingly, we affirm Appellant's judgment of sentence for Simple Assault.

**B.**

Appellant next challenges the sufficiency of the evidence for his conviction for False ID. A person commits False ID "if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law." 18 Pa.C.S. § 4914(a).

Appellant does not contest that Officer Bacevich was in uniform or that Appellant provided false information; rather, the only element Appellant challenges is whether he was "informed by" the officer that he was the subject of an official investigation. Appellant's Br. At 8-10. Our precedent mandates that the Commonwealth demonstrate the "informed by" element by proving "that the individual was **told** by police that he or she was under investigation, and that must occur prior to the individual's presentment of false identity information." *Commonwealth v. Kitchen*, 181 A.3d 337, 345 (Pa. Super. 2018) (*en banc*) (emphasis in original). Our Supreme Court explained that the statutory language required that the information "must come from the law enforcement officer" rather than being "derived from the surrounding circumstances." *In the Interest of D.S.*, 39 A.3d 968, 975 (Pa. 2012).

Based upon the clear precedent of *D.S.* and *Kitchen*, we reject the trial court's conclusion that Officer Bacevich did not need to inform Appellant that he was under investigation because Appellant "had reason to know why he was being questioned by Officer Bacevich after he was placed in handcuffs." Tr. Ct. Op. at 10. We instead conclude that the evidence is insufficient to

support Appellant's conviction of False ID because the Commonwealth failed to establish that Officer Bacevich informed Appellant that he was the subject of an investigation prior to asking his name.[5] Accordingly, we are constrained to reverse and vacate Appellant's sentence for False ID.

As in **Kitchen**, however, we do not remand for resentencing. Instead, we "leave the remainder of Appellant's judgment of sentence intact[,]" because vacating his sentence for False ID does not "upset the trial court's sentencing scheme[.]" **Kitchen**, 181 A.3d at 338, 345.[6]

Judgment of sentence affirmed in part and reversed in part.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/05/2023

_____

[5] "The Commonwealth does not oppose vacating the false identification conviction[.]" Commonwealth Br. at 2.

[6] Specifically, the trial court imposed Appellant's sentence of one year of probation for False ID concurrently with his two-year probationary sentence for Simple Assault, such that vacating his sentence for False ID does not impact the total sentence imposed by the trial court.